## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**SHEILAH DAVIS**                                                                               **PLAINTIFF**

**V.**                          **CASE NO. 5:16-CV-5194**

**KIMBEL MECHANICAL SYSTEMS, INC.;**
**ROB KIMBEL; BRAD SMITH; and DUSTIN HUGHES**                    **DEFENDANTS**

### OPINION AND ORDER

Individual Defendants Rob Kimbel, Brad Smith, and Dustin Hughes have filed a Motion to Dismiss (Doc. 10) certain claims brought against them by Plaintiff Sheilah Davis. The Motion is ripe for decision, as Ms. Davis has not filed any response to it and the deadline for her to do so has passed. For the reasons given below, Defendants' Motion is **GRANTED**.

This lawsuit began in the Circuit Court of Washington County, Arkansas, where Ms. Davis filed a Complaint (Doc. 3) on June 14, 2016 against her employer, Kimbel Mechanical Systems, Inc. ("Kimbel"), and Messrs. Kimbel, Smith, and Hughes, who were all employees of Kimbel when she worked there. Ms. Davis's Complaint brings seven counts against Defendants, alleging that they violated her civil rights under the Arkansas Civil Rights Act ("ACRA"), as well as under a variety of federal statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). On July 29, 2016, Defendants removed the case to this Court, (Doc. 1), and filed their Answer (Doc. 6) to Ms. Davis's Complaint. A month later, the individual Defendants filed the instant Motion under Fed.

1

R. Civ. P. 12,[1] arguing that Ms. Davis's claims against them in their individual capacities under Title VII, the ADA, the ADEA, and the ACRA should all be dismissed—with the exception of her claim for retaliation under the ACRA—because such claims against individuals are not cognizable under these statutes. As noted above, Ms. Davis never responded to this Motion.

To survive the individual Defendants' Motion to Dismiss for failure to state a claim, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For purposes of this Motion, the Court must accept as true all factual allegations in the Complaint, and construe the pleadings in the light most favorable to Ms. Davis, drawing

---

[1] Although Defendants styled this as a motion to dismiss brought under Rule 12(b)(6), it would have been more properly styled as a motion for judgment on the pleadings under Rule 12(c) because Defendants had already filed their Answer. However, this is a technicality that makes no substantive difference, as Rule 12(h)(2)(B) permits parties to raise the defense of failure to state a claim in motions for judgment on the pleadings, and it is well-settled that the same legal standard governs all motions asserting this defense, regardless of whether they are brought under Rule 12(b)(6) or Rule 12(c). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

all reasonable inferences in her favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

The Eighth Circuit has explicitly held on numerous occasions "that supervisors may not be held individually liable under Title VII." *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (quoting *Bonomolo-Hagen v. Clay Central-Everly Comm. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997)); *see also Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) ("The district court properly granted summary judgment in favor of Mr. Clark on the Title VII claim because that law does not provide for an action against an individual supervisor . . . ."). This is because "liability under [Title VII] can attach only to employers," *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994), which is defined at 42 U.S.C. § 2000e(b). The ADEA and the ADA likewise frame their prohibitions in terms of "employers." *See* 29 U.S.C. § 623(a) (ADEA); 42 U.S.C. §§ 12111(2), 12112(a) (ADA). Although the Eighth Circuit has never decided whether claims may be brought against private-sector individual supervisors under the ADA or ADEA, it has observed that the ADEA "define[s] employer in a substantially identical manner" to Title VII, *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995), and this Court notes that the only significant difference between those two statutes' definitions of "employer" and the one found in the ADA is the number of employees necessary to satisfy the jurisdictional threshold. *Compare* 42 U.S.C. § 2000e(b) (Title VII), *and* 29 U.S.C. § 630(b) (ADEA), *with* 42 U.S.C. § 12111(5) (ADA). Accordingly this Court rules, consistent with prior rulings in the Western District of Arkansas, that individuals are not subject to liability under the ADEA, *Woolbright v. Tankinetics, Inc.*, 2013 WL 5373614, at *8 (W.D. Ark. Sept. 25, 2013), or the ADA, *Morris*

*v. Pilgrim's Pride Corp.*, 2014 WL 3514987, at *6 n.5 (W.D. Ark. July 15, 2014). *See also Adams v. Tyson Foods, Inc.*, 2010 WL 1488006, at *1–*2, (W.D. Ark. Apr. 13, 2010) (no individual liability for supervisors under Title VII, ADEA, and ADA). As for the ACRA, the Arkansas Supreme Court held in *Calaway v. Practice Management Services., Inc.* that individual supervisors may be liable for retaliation under the ACRA, and in so holding, the Court explicitly contrasted retaliation claims with general discrimination claims on the grounds that the latter may only be brought against "*employers*." *See* 2010 Ark. 432, at *3–*4 (emphasis in original).

**IT IS THEREFORE ORDERED** that Defendants Rob Kimbel's, Brad Smith's, and Dustin Hughes's Motion to Dismiss (Doc. 10) is **GRANTED**, and that all of Plaintiff Sheilah Davis's claims against them under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Arkansas Civil Rights Act are **DISMISSED WITH PREJUDICE**,[2] except her retaliation claim under the Arkansas Civil Rights Act.

**IT IS SO ORDERED** on this 16th day of September, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] This dismissal is made with prejudice rather than without because amendment of the Complaint would be futile; there is no set of facts that could be pled which would change this Court's ruling of law that individual liability cannot attach for these claims.

4