IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILAH DAVIS                                                                                     PLAINTIFF

V.                              CASE NO. 5:16-CV-5194

KIMBEL MECHANICAL SYSTEMS, INC.                                                DEFENDANT

**OPINION AND ORDER**

Currently before the Court are a Motion in Limine (Doc. 48) filed by Plaintiff Sheilah Davis ("Plaintiff") and a Response in Opposition (Doc. 51) filed by Defendant Kimbel Mechanical Systems ("KMS"). The Court heard argument on the Motion during its final pretrial conference on November 29, 2017. For the reasons stated from the bench during that pretrial conference and as further explained below, Plaintiff's Motion in Limine is **DENIED**.

**I. BACKGROUND**

The complicated factual and procedural background of this case has already been discussed at length in Judge Brooks' Memorandum Opinion and Order on KMS's Motion for Summary Judgment (Doc. 43). As a result of that Opinion, two claims remain for trial: Plaintiff's Americans with Disabilities Act ("ADA") disparate treatment and related Arkansas Civil Rights Act ("ACRA") disparate treatment claims. In essence, Plaintiff contends that KMS intentionally discriminated against her, allegedly demoting her and reducing her job responsibilities, because of her disability.

Unlike many typical employment discrimination cases, Plaintiff has never been terminated from her employment at KMS. Rather, she is considered to be an inactive employee and, as a result, still receives certain insurance and other benefits from KMS.

1

Plaintiff's counsel filed the instant Motion in Limine (Doc. 48) seeking to exclude records or testimony pertaining to these benefits. Plaintiff argues both that any evidence on this point has no relevance to the claims being tried and, even if relevant, that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice or confusing the issues. KMS counters that the evidence is clearly relevant to whether KMS intentionally discriminated against Plaintiff and that excluding that evidence—especially given Plaintiff's plan to seek punitive damages—would be unfairly prejudicial to *it*.

## II. DISCUSSION

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact "is of consequence in determining the action." Fed. R. Evid. 401. While relevant evidence is generally admissible, Fed. R. Evid. 402, courts may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

One of the fundamental issues at the heart of this case is whether KMS's actions, which include what it claims was a company-wide restructure but which Plaintiff characterizes as a deliberate demotion, was undertaken because of Plaintiff's disability. In addition, Plaintiff is seeking punitive damages, which will require Plaintiff to demonstrate that KMS acted with "malice or reckless indifference to the plaintiff's rights." 8th Cir. Civil Jury Instr. § 9.72 (2013).

As such, the Court finds that this evidence would be relevant to the matters for trial. First, it is undisputed that, in ADA disparate treatment cases, "[t]he key element is

discriminatory intent." *Reeves v. Sanderson-Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000); *see also Walker v. AT&T Tech.*, 995 F.2d 846, 849-50 (8th Cir. 1993) (noting that "an employer has the right . . . to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional . . . discrimination."). Evidence that KMS has never terminated Plaintiff, and that it continues, on its own dime, to provide benefits to her to this day even though she ceased actively working for it over two years ago, makes it less likely that KMS acted with the requisite discriminatory intent when it came to other decisions related to her employment. Thus, this evidence would clearly meet the "any tendency" test of Rule 401. In addition, this information will be highly relevant to the damages Plaintiff seeks. This information, therefore, is relevant evidence within the meaning of Rule 401.

Despite this fact, there remains the question of whether this relevant evidence should be excluded on the basis of Rule 403. The Court agrees with the Defendant on this point that the balance of unfair prejudice might in fact swing the opposite way were the Court to exclude this evidence. As noted above, Plaintiff's case rises and falls on her ability to proffer evidence demonstrating discriminatory intent on the part of KMS. What Plaintiff seeks to do through this Motion in Limine is largely to prevent KMS from refuting evidence of discriminatory intent with evidence indicative of KMS's good intent—the fact that, despite no apparent obligation to do so, KMS has never ceased providing certain benefits to Plaintiff for going on two years now.

Having said that, however, the Court is mindful that at the pretrial conference, even the attorneys for both parties were not aware of the precise nature of these benefits (i.e. what percentage of benefits was being paid by KMS). As a result, the Court would note

two things. While it will not, as a general matter, prohibit the Defendant from offering evidence or eliciting testimony as to the fact that Plaintiff is still receiving certain benefits from KMS, it will entertain objections if this testimony turns into a mini-trial on the granular details of what those benefits are and how exactly the arrangement is structured. That might, in the Court's view, seriously confuse the issues in this case, thereby misleading the jury. Second, as the Court stated from the bench at the pretrial conference, Plaintiff will be entitled to ask questions going to whether KMS could cease these benefits at any time—again with the caveat that this should not become a focal point of the examination, direct or cross.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine (Doc. 48) is **DENIED**.

**IT IS SO ORDERED** on this 6th day of December, 2017.

/s/ Robert T. Dawson
ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE